HIGHTOWER, Judge.
Originally charged with attempted rape and two counts of aggravated crime against nature, defendant, Gilbert Gasea, pursuant to a plea agreement, pled guilty to two counts of molestation of a juvenile, LSA-R.S. 14:81.2. The trial court, after considering a presentence investigation report, imposed two consecutive sentences of ten years at hard labor.
Defendant now appeals, asserting two assignments of error. The first contends the sentences are excessive as not in compliance with the plea bargain or the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. This unbriefed complaint, however, is deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA 2-12.4. Defendant’s remaining assignment of error challenges the trial court’s refusal to allow him to withdraw his guilty plea subsequent to sentencing. For the reasons hereinafter expressed, we affirm the convictions and sentences.
FACTS
The Ouachita Parish Sheriff’s Office questioned defendant, age 22, in response to allegations he had sexually abused his niece, DLH, then six years old. Agreeing to talk with deputies without an attorney being present, he related in detail two episodes of such activity and admitted attempting penetration on one occasion.
Subsequent to his arrest on charges arising out of these events, defendant agreed to plead guilty. At the plea hearing, the assistant district attorney recommended that any sentences imposed be ordered served concurrently. After ascertaining defendant understood the court was not bound to abide by the state’s recommendation, the trial judge accepted the guilty pleas and subsequently imposed the two consecutive terms of imprisonment.
Defense counsel immediately challenged the sentences as inappropriate, especially in light of the assistant district attorney’s recommendation, and requested the opportunity to withdraw the guilty pleas. The trial court then granted defendant five days to withdraw his pleas or enter an appeal. This appeal ensued.
DISCUSSION
A trial court may permit a guilty plea to be withdrawn at any time before sentencing. LSA-C.Cr.P. Art. 559A. Subsequent to pronouncement of the sentence, guilty pleas which are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Dixon, 449 So.2d 463 (La.1984). A guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea agreement which is then not fulfilled. State v. Dixon, supra; State v. Taylor, 535 So.2d 1229 (La.App. 3d Cir.1988).
During the guilty plea colloquy in the present case, the following exchange transpired:
COURT: [L]et me assure you, Mr. Gasea, I know nothing of your case other than what I have read in the amended bill of information which was filed this morning. I know nothing about you. I know nothing about the victim. I know nothing about this case, and if anyone has led you to believe that you’re going to get a particular sentence, I ask that you not enter this plea, because I have made no commitment to anyone as to what your sentence will be because I simply do not know. Do you understand that?
DEFENDANT: Yes sir.
COURT: Are you willing to enter this plea knowing that you face up to thirty years and a $20,000 fine? Because although the District Attorney has recommended that the sentences run concurrently, I do not have to accept his recommendation, and I could run them consecutively which will give you a maximum exposure of thirty years and a $20,000 fine. Do you understand that?
*915 DEFENDANT: Yes sir.
COURT: And knowing all that you still desire to enter this plea?
DEFENDANT: Yes sir.
(Emphasis added).
From the plea hearing, then, it is obvious that the trial court assiduously sought to impress upon defendant that there existed no guarantees he would receive concurrent sentences. Indeed, the lower court expressly noted the potential total sentence, which defendant then acknowledged understanding. Moreover, following that explanation, defendant and his counsel proceeded with the guilty plea. Based on the record, no representations of the trial court or the state induced misunderstanding by defendant. Accordingly, his grievance of being disallowed to withdraw his plea is untenable. See State v. Fairley, 525 So.2d 588 (La.App. 3d Cir.1988). Cf. State v. Manchester, 545 So.2d 528 (La.1989); State v. Taylor, supra.
Not beguiled into entering a plea, defendant’s only possible complaint is that he is unhappy with the penalty imposed. Dissatisfaction with the sentence, however, is not a basis for withdrawal of a guilty plea. State v. Boatright, 406 So.2d 163 (La.1981).
CONCLUSION
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS, LINDSAY and HIGHTOWER, JJ.
Rehearing denied.