613 So.2d 1061 (1993)
STATE of Louisiana, Appellee,
v.
D'Ester REEVES, Appellant.
No. CR92-667.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
*1062 Bobby Pitre, Lake Charles, for appellant.
Julie Cullen, Asst. Atty. Gen., Baton Rouge, for appellee.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
SAUNDERS, Judge.
Defendant, D'Ester Reeves, was charged by bill of indictment with one (1) count of possession of cocaine with intent to distribute in violation of LSA-R.S. 40:967(A); by bill of information on one (1) count of distribution of LSD in violation of LSA-R.S. 40:966(A); and one (1) count of distribution of methamphetamine in violation of LSA-R.S. 40:967(A). A second bill of information was filed charging the defendant with five (5) counts of distribution of cocaine in violation of LSA-R.S. 40:967(A). On October 4, 1991, the defendant withdrew her prior plea of not guilty and pled guilty to all of the charges. Additionally, the defendant also admitted to the allegations of probation violation. The state presented a joint recommendation of sentence which the court did not accept. The court ordered a presentence investigation and report in advance of sentencing. At the sentencing hearing, the court sentenced the defendant to serve seven (7) years at hard labor on each count to run concurrently with each other and consecutive with the probation revocation sentence of five (5) years. The defendant filed an application for post-conviction relief claiming that she was denied the right of appeal; ineffective assistance of counsel; and that her conviction was obtained by a plea of guilty which was unlawfully induced and, therefore, not made voluntarily.
On April 16, 1992, a hearing was held to determine the constitutionality of the defendant's guilty plea. The court denied the defendant's motion to withdraw the guilty plea and granted the defendant an out-of-time appeal. Reeves appeals.
By defendant's assignment of error[1], Reeves contends that the trial court erred in refusing to allow her to withdraw her guilty plea at the hearing for post-conviction relief. More specifically, she contends that the plea was involuntary because, in her mind, it was induced in part by the joint sentencing recommendation which suggested that the sentence she would receive would be limited to seven (7) years.
A guilty plea has been found to be constitutionally infirm when the state does not fulfill an express or implied part of the plea bargaining agreement which precipitated the defendant's decision to so plead. See Hughes v. Court of Appeal, First Circuit, 526 So.2d 223 (La.1988); Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Manchester, 545 So.2d 528 (La.1989); State v. Taylor, 535 So.2d 1229 (La.App. 3d Cir.1988); State v. Gasca, 575 So.2d 913 (La.App. 2d Cir. 1991), writ denied, 580 So.2d 674 (La.1991).
*1063 The transcript of the defendant's guilty plea clearly indicates that the trial judge advised the defendant that he was not obligated to follow any recommendations. Additionally, after listening to the sentencing recommendation, the trial judge expressed great difficulty in granting a concurring sentence for the probation revocation. However, he stated that he would give her the benefit of looking at her presentence investigation prior to sentencing. We also note that there was no objection by the defense at the time that the recommendation was initially presented to the trial judge and the judge expressed his concern with the recommendation for concurring sentences. Also, there was no objection by the defense at the sentencing hearing as to the trial judge's refusal to order the sentence on the current charges to run concurrent with the five (5) year sentence for probation revocation.
We find that the trial court was correct in finding that the defendant was not induced to enter a plea on what she justifiably believed was a plea bargain which was not kept. The record clearly indicates that the state presented a joint sentencing recommendation as promised in the plea agreement, and the trial judge chose not to follow the recommendation in whole. We note that the defendant did benefit from the sentencing recommendation in part, insofar as she was a third offender but was not charged as a habitual offender which was in accordance with the agreement of the state. As a habitual offender, she would have been exposed to a sentence of twenty (20) to sixty (60) years rather than five (5) to thirty (30) years. As such, we find no error in the trial court's determination that the defendant's guilty plea was constitutionally valid.[2]
Finally, we note an error patent insofar as La.C.Cr.P. art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record reflects that the court did not so inform the defendant. We note that the three year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922, so prescription is not yet running. The district court is directed to inform the defendant of the provisions of Articles 930.8 by sending appropriate written notice to the defendant within ten (10) days of the rendition of this judgment and to file written proof that the defendant received said notice in the record of these proceedings. See State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); State v. Stephens, 604 So.2d 203 (La.App. 2d Cir.1992).

CONCLUSION
We find that the defendant's guilty plea was knowingly and voluntarily made. Furthermore, we find that the guilty plea is not constitutionally infirm insofar as the state fulfilled its part of the plea agreement by recommending a proposed sentence.

DECREE
The conviction and sentence of D'Ester Reeves is hereby affirmed;
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Fourteenth Judicial District Court inform Ms. Reeves of the provisions of La.C.Cr.P. 930.8 by sending appropriate written notice to Reeves within ten (10) days of the rendition of this judgment;
IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that the Fourteenth Judicial District Court file written proof, that the defendant has received said notice of the prescriptive period for post-conviction relief, in the record of these proceedings.
AFFIRMED WITH INSTRUCTIONS.
NOTES
[1] Reeves' actual assignment of error, i.e., that her sentence was excessive, was not briefed. Likewise, the error briefed was not assigned. We choose to ignore the procedural deficiencies and consider the argument which was briefed but unassigned.
[2] The trial court preserved Reeves' objections as to ineffective assistance of counsel. Any remaining contentions would require an evidentiary hearing and are better determined pursuant to an application for post-conviction relief. See State v. Green, 562 So.2d 35 (La.App. 3d Cir.1990); State v. Heacox, 543 So.2d 101 (La. App. 3d Cir.1989).