hWALTZER, Judge.

Background Facts

The Defendant was charged with a violation of La.R.S. 40:967, relative to possession of cocaine with intent to distribute. According to the State’s representations the amount possessed was 42.10 grams gross weight, 10.8 grams thereof cocaine. The seizure occurred during the execution of a search warrant at which time officers seized $1,600 in cash. The bill of information charges that the alleged crime occurred 18 August 1995, three days after the effective date of Act 990, the legislative amendment to La.C.Cr.P. art. 893. The defendant plead guilty as charged on 6 October 1995, waived all delays and was sentenced to five years at hard labor under the provisions of La.C.Cr.P. art. 893, the sentence was suspended, five years probation was ordered, three years thereof active and two years inactive, with other special conditions. At sentencing the State noted its objection to the sentence imposed, arguing that La.C.Cr.P. art. 893 as amended by Act 990 of the 1995 legislature does not permit a suspension of sentence, although the defendant is a first felony offender.

Discussion

The State contends that the trial court erred by placing the defendant on probation because the potential sentence for a conviction under La.R.S. 40:967B(1) provides for a sentence to a term of imprisonment at hard labor for not less than five years nor more than thirty years. The State asserts that the newly amended article precludes a judge from placing any defendant on |2probation who has been convicted of a drug offense where the potential sentence exceeds five years. The State cites La.C.Cr.P. art. 893 as amended in 1995 which provides in part:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and'in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a conviction for a crime of violence as defined in R.S. U:2(lS)(a), (b), (c), (d), (e), (i), 0), (k), d), (m), (n), (o), (p), (q), (r), (t), (v), (w), (x), (bb), (cc), or (dd), or of a second conviction if the second conviction is for a violation of R.S. 14:73.5, R.S. 14:81.1, or R.S. 14:81.2, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years. (emphasis supplied)
The State argues that the three clauses emphasized above should be read separately:
1) no probation for a conviction of a crime of violence;
2) no probation for a second conviction of La.R.S. 14:73.5 (computer fraud), La. R.S. 14:81.1 (pornography involving juveniles), or R.S. 14:81.2 (molestation of a juvenile);
3) no probation for a conviction for a violation of the Controlled Dangerous Substance law where the potential sentence exceeds five years.
The trial court reasoned that the defendant was eligible for probation because she was a first felony offender. The trial judge found the statute ambiguous and clumsily written, but held that any ambiguities must be resolved in the defendant’s favor.
The newly amended codal article has not been subject to our review. In fact, there are no eases interpreting the 1994 amendment to La.C.Cr.P. art. 893, which is quite similar to the present language of the article. Prior to the 1994 amendment, La.C.Cr.P. art. 893 empowered a trial court to impose a suspended sentence of a “multiple offender” convicted of a drug offense only if the offense did not involve the manufacture, distribution, or possession with the intent to distribute the drug. La.C.Cr.P. art. 893 then provided:
A. When it appears that the best interest of the public and of the defendant will be served, the court after a first or second conviction of a noncapital felony, may _[ssuspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place *1282 the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a second conviction unless the court finds that such offense did not involve the use of a dangerous weapon by the defendant, the offense occurred at least five years after satisfaction of the sentence imposed for the first conviction, and the defendant was not charged with any other felony since the date of first conviction. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial on appeal.
B. The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender who has been convicted, in the instant offense, of a violation of the Controlled Dangerous Substances Law of Louisiana, other than the production, manufacture, distribution, or dispensing, or possession with the intent to produce, manufacture, distribute or dispense, a controlled dangerous substance, and place the defendant on probation if he intends to participate, and is accepted, in a licensed state or federal drug treatment program, or if not immediately accepted, he receives a binding commitment from the appropriate official of a licensed state or federal drug treatment program that the next available space in such a program will be given to the defendant; however, if for any reason the defendant is rejected by the program, or if he leaves the program before completion or against medical advice, he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence executed, (emphasis supplied)
Thus, before the 1994 amendment to La. C.Cr.P. art. 893, even a habitual offender under a multiple bill filing could receive a probated sentence, so long as the ease did not involve the offenses specifically excluded. However, under the old statute, a defendant such as the one here, who was convicted of possession with intent to distribute cocaine, was not eligible for probation.
In 1994, La.C.Cr.P. art. 893 was amended and paragraph A and B were merged to provide in pertinent part:
A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision |4of the division of probation and parole. The court shall not suspend the sentence of a second conviction if the second conviction is for a crime of violence as defined in La.R.S. 14:2(13)(a), (b), (c), (d), (e), (i), <j), (k), (I), (m), (n), (o), (p), (q), (r), (t), (v), (w), or (x), R.S. 14:73.5, R.S. 14:81.1, or R.S. 14:81.2, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years.
The only differences between the 1994 and 1995 amendments to paragraph A of La. C.Cr.P. art. 893 is that with the 1995 amendment, the legislature denied probation for any conviction for a crime of violence as defined in the enumerated sections of La. R.S. 14:2, and added the phrase “or of a second conviction if the second conviction is for a violation of’ before La.R.S. 14:73.5 (computer fraud), La.R.S. 14:81.1 (pornography involving a juvenile), or La.R.S. 14:81.2 (molestation of a juvenile). The pertinent issue is whether the phrase “or of a second conviction” applies as well to a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of more than five years.
Our research reveals no cases interpreting the 1994 amendment to La. C.Cr.P. art. 893. However, the preamble to Act 100 of 1994 which amended La.C.Cr.P. art. 893 notes the purpose of the amendment: “To amend and reenact Code of Criminal Procedure Article 893 relative to suspended sentences for a SECOND CONVICTION for a crime of violence and drug offenses; to delete certain other suspension of sentence; and to provide for related matters.” (emphasis supplied) Clearly, under the 1994 amendment, the legislature intended that the “second conviction” language apply to drug *1283 offenses as well as crimes of violence. Likewise, the preamble of the latest amendment to La.C.Cr.P. art. 893 by Act 990 provides: “An act to amend and reenact Code of Criminal Procedure Article 893(A), relative to suspension of sentence and probation in felony cases; to prohibit suspension of sentence for a crime of violence; and to provide for related matters.” (emphasis supplied). The amendment was not intended to | schange probation eligibility for a first drug conviction; its sole purpose was to prohibit eligibility for a conviction for a crime of violence. In fact, the amendment added the phrase “or of a second conviction” to the other crimes listed in La.C.Cr.P. 893 to prohibit probation eligibility for second convictions for drug offenses or for violations of the other enumerated offenses.

Conclusion

The defendant plead guilty to possession with intent to distribute cocaine, the penalty for which is five to thirty years at hard labor. However, she is a first offender. Probation for this offense is prohibited only under La.C.Cr.P. art. 893 in the case of a second conviction. The trial court did not err by placing her on probation and the trial court’s sentence is AFFIRMED.

WRIT GRANTED. TRIAL COURT’S PROBATIONARY SENTENCE AFFIRMED.