682 So.2d 1271 (1996)
STATE of Louisiana, Appellee,
v.
Christine BAILEY, Appellant.
No. 28822-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1996.
*1272 William Rick Warren, Indigent Defender Board, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Charles Minifield, Whitley R. Graves, Assistant District Attorneys, for Appellee.
Before HIGHTOWER, WILLIAMS and GASKINS, JJ.
PER CURIAM.
The defendant, Christine Bailey, appeals as excessive her sentence to ten years at hard labor, with five years suspended, for the offense of aggravated battery. For the following reasons, we affirm the conviction and sentence of the defendant.

FACTS
The defendant suffers from a psychiatric disorder and had been undergoing treatment at the Minden Mental Health Center for a number of years. On August 5, 1994, the defendant was acting in a strange manner, possibly due to having ceased taking medication prescribed for her condition. The victim, Mary Thomas, was contacted about taking the defendant to a hospital in Shreveport for treatment. Ms. Thomas went to the defendant's house and told her that she was going to take her to the hospital. The defendant went into the kitchen, obtained a knife, and stabbed the victim in the chest, arm and forehead. The defendant was disarmed and fled into a nearby wooded area. She was soon apprehended by police and arrested. On May 15, 1995, the defendant was charged by bill of information with attempted second degree murder. The defendant entered a plea of not guilty and not guilty by reason of insanity to the charge. A sanity commission determined the defendant was legally sane at the time of the unprovoked attack and was competent to stand trial.
The defendant was allowed to enter a guilty plea to the reduced charge of aggravated battery. A pre-sentence investigation report was ordered and was reviewed by the trial court prior to sentencing. The defendant appeared before the court for sentencing on January 29, 1996. She was ordered to serve ten years at hard labor, with five years of the sentence suspended. The court ordered that the defendant be placed on active, supervised probation for the five years following her release, with a special condition of probation that she continue mental health treatment and that she take her medication as directed.[1]
*1273 In imposing sentence, the court noted that the defendant was a first felony offender with one prior misdemeanor conviction for shoplifting. The court also noted that the defendant had a history of mental disorders and had been diagnosed as having major depression with psychotic features. The court acknowledged that several medications had been prescribed for the defendant, to control her condition, and that the present offense arose after the defendant failed to take her medication. The court noted that the people close to the defendant had been concerned about her bizarre behavior for several days prior to this incident and had tried to get the defendant to take her medication, but she refused.
The defendant filed a motion to reconsider the sentence. That motion was denied by the trial court. The defendant now appeals the sentence, arguing that it is excessive. The defendant contends that the maximum penalty of incarceration that may be ordered for aggravated battery is ten years at hard labor. In the present case, the defendant was sentenced to ten years at hard labor, with five years suspended. The defendant argues that for a first felony offender with a history of mental illness, this sentence is unconstitutionally excessive.

DISCUSSION
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. In pronouncing sentence upon the defendant, the record reflects that the trial court considered factors enumerated under La.C.Cr.P. art. 894.1. The court noted that the defendant's conduct during the commission of this offense manifested deliberate cruelty to the victim and the victim suffered significant personal injury. The court also noted that the defendant used actual violence and a dangerous weapon in the commission of the offense. The court found that any lesser sentence than that actually imposed would deprecate the seriousness of the offense and found that a completely probated sentence would cause a danger to the community as a whole, due to the violent act involved and the strong likelihood of recurrence. The court stated that, by sentencing the defendant to serve a period of incarceration, it sought to impress upon her the seriousness of this particular incident and the fact that she must, at all times, continue to remain on her medication to ensure that this type of behavior does not recur. The record shows that the trial court adequately complied with the provisions of La.C.Cr.P. art. 894.1.
After determining whether the provisions of La.C.Cr.P. 894.1 have been complied with, the reviewing court must then determine whether the sentence imposed is too severe, given the circumstances of the case and the background of the defendant. A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to *1274 society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir. 1989).
A suspended sentence is not mandated simply because a defendant is a first felony offender. State v. Woodman, 28004 (La.App.2d Cir. 1/24/96), 666 So.2d 1255, writ denied 96-0489 (La.5/3/96), 672 So.2d 696; State v. Ferrell, 25851 (La.App.2d Cir. 3/30/94), 634 So.2d 977; State v. Tolliver, 621 So.2d 17 (La.App. 2d Cir.1993).
As a general rule, maximum sentences are appropriate only in cases involving the most serious violation of the offense and the worst type of offender. State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). However, in cases where the defendant has pled guilty to an offense which does not adequately describe her conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through plea bargain and the offense involves violence upon a victim. State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La. 1988); State v. Madison, supra; State v. Thompson, 25,583 (La.App.2d Cir. 1/19/94), 631 So.2d 555. In the present case, there is no showing of abuse of discretion.
The evidence, viewed in the light most favorable to the prosecution, shows the defendant to be guilty of attempted second degree murder as originally charged. A conviction for that offense carries a sentence range of 10 to 50 years at hard labor, without benefit of parole, probation, or suspension of sentence. The maximum sentence for aggravated battery is a fine of five thousand dollars and ten years at hard labor. In the present case, the defendant was not ordered to pay a fine and, although sentenced to the maximum period of incarceration, ten years, five years of that sentence was suspended. By allowing her to plead guilty to the reduced charge of aggravated battery, the defendant significantly reduced her sentencing exposure. Based upon our review of the record, we find that the trial court did not abuse its broad discretion in imposing this sentence. The attack upon the victim was unprovoked and without any justification. The sentence imposed is tailored to both the offender and the offense and does not shock our sense of justice. The sentence imposed by the trial court is not excessive.[2]

CONCLUSION
For the reasons stated above, we affirm the conviction and sentence of the defendant, Christine Bailey.
AFFIRMED.
NOTES
[1] We note that La.C.Cr.P. art 893 was amended by 1995 La. Acts No. 990, § 1, effective August 15, 1995. The amended article provides in pertinent part:

A. When it appears that the best interest of the public and of the defendant will be served, the court, after a first or second conviction of a noncapital felony, may suspend, in whole or in part, the imposition or execution of either or both sentences, where suspension is allowed under the law, and in either or both cases place the defendant on probation under the supervision of the division of probation and parole. The court shall not suspend the sentence of a conviction for a crime of violence as defined in R.S. 14:2(13)(a), (b), (c), (d), (e), (i), (j), (k), (l), (m), (n), (o), (p), (q), (r), (t), (v), (w), (x), (bb), (cc), or (dd), or of a second conviction if the second conviction is for a violation of R.S. 14:73.5, R.S. 14:81.1, or R.S. 14:81.2, or for a violation of the Uniform Controlled Dangerous Substances Law punishable by a term of imprisonment for more than five years. The period of probation shall be specified and shall not be less than one year nor more than five years. The suspended sentence shall be regarded as a sentence for the purpose of granting or denying a new trial or appeal. [Emphasis supplied.]
The purpose of the amendment was to prohibit the suspension of sentence for an enumerated crime of violence, even for a first offender. See State v. Coleman, 95-2414 (La.App. 4th Cir. 12/14/95), 665 So.2d 1280. However, that portion of the article prohibiting suspension of sentence for a first felony conviction of a crime of violence, such as aggravated battery, was not in effect at the time this offense was committed. Therefore, the prohibition is not applicable to this case.
[2] We have reviewed the record for error patent and noted none.