687 So.2d 527 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Junior ALEXANDER, Defendant-Appellant.
No. Cr95-1099.
Court of Appeal of Louisiana, Third Circuit.
December 26, 1996.
*528 Michael Harson, Lafayette, for State of Louisiana.
G. Paul Marx, Lafayette, for Junior Alexander.
Junior Alexander, for Junior Alexander.
Before YELVERTON, KNOLL and SULLIVAN, JJ.
KNOLL, Judge.
On February 19, 1993, defendant, Junior Alexander, pled guilty to possession of cocaine, a violation of La.R.S. 40:967. Pursuant to a plea agreement, defendant was sentenced to serve a term of five (5) years at hard labor. The sentence was suspended, and defendant was placed on active supervised probation for five (5) years. Several conditions were attached to the probation, including serving a term of 160 days in parish jail. Defendant was given credit for time already served with respect to the parish jail term.
After numerous probation violations, the defendant's probation was revoked on February 16, 1995, and defendant's original sentence of five (5) years at hard labor was reinstated. The defendant's reinstated sentence was to run consecutive to a separate ten (10) year sentence defendant was already serving for an unrelated conviction.
On February 15, 1995, defendant filed a pro se motion for appeal, alleging that his conviction and sentence were obtained in violation of his rights under the state and federal constitutions. Defendant's court-appointed counsel filed an Anders brief, averring that there were no non-frivolous errors that could be raised on appeal, and requesting to withdraw as counsel. Defendant was provided with a copy of the Anders brief, and he was informed that he had the right to file a brief on his own behalf. Defendant has not done so.
Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), we have performed a thorough and independent review of the record, including the bill of information, minute entries, pleadings, and transcripts. Our review indicates an error patent on the face of the record, namely that defendant's sentence is illegally excessive.
The record reflects that defendant pled guilty to possession of cocaine under La.R.S. 40:967(C), which provides for a sentence of imprisonment with or without hard labor for not more than five years. The defendant was given the maximum sentence of five years, and an additional 160 days in parish jail as a condition of probation.
In State v. Diaz, 615 So.2d 1336 (La.1993), the Louisiana Supreme Court held that a district court may not impose a suspended sentence and require the defendant to spend additional time in jail as a condition of probation if the overall effect is to expose the defendant to a greater term of imprisonment than provided by the statute violated. See also State v. Brown, 93-2305 (La.App 4 Cir. 11/17/94), 645 So.2d 1282. Since defendant is now exposed to a term of imprisonment of five years, 160 days, his sentence exceeds the maximum allowed under 40:967(C).
Additionally, we note that La.Code Crim.P. art. 893(A) restricts the defendant's probationary period to no more than five years. Periods of confinement imposed as a condition of probation must be added to the period of probation for purposes of determining whether the total amount of probation exceeds the five year limit under La.Code Crim.P. art. 893(A). State v. Brown, supra. We therefore find that defendant's sentence is illegal in that he was sentenced to an excessive probationary period.
We recognize that an illegal sentence may sometimes invalidate a plea agreement and require that the defendant's guilty plea be withdrawn. State v. Rios, 95-961 (La. App. 3 Cir. 3/6/96), 670 So.2d 708. When a guilty plea rests on a promise or agreement of the prosecutor or trial court, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. State v. Manchester, 545 So.2d 528 (La.1989); Hughes v. Court of Appeal, First Circuit, 526 So.2d 223 (La.1988); State v. Taylor, 535 So.2d 1229 (La.App. 3 Cir.1988).
*529 Nevertheless, we find that the cases in which an illegal sentence resulted in the withdrawal of a guilty plea universally involve illegally lenient sentences. The case sub judice is distinguishable in that it involves an illegally excessive sentence. The defendant in the instant case agreed to a sentence in excess of the sentence he will ultimately receive. The inability of the state to fulfill its promise inures to the defendant's benefit, and causes no prejudice to defendant.
Since the defendant agreed to the excessive sentence of five years with an additional 160 days, it is only logical to assume that he would have agreed to the lesser sentence of five years. We find that the illegally excessive sentence did not induce the defendant to accept a plea agreement that he would have otherwise refused, and the state's failure to fulfill its promise of excessive imprisonment is not a material breach of the agreement. See State v. Reeves, 613 So.2d 1061 (La.App. 3 Cir.), writ denied, 619 So.2d 543 (La.1993).
The consideration for the defendant's guilty plea was that he would receive a suspended sentence and probation rather than imprisonment. He received the benefit of his plea bargain in that he was released on probation. Because of defendant's own breach of the plea agreement, namely, his refusal to follow the conditions of his probation, his probation was revoked and he was incarcerated. The defendant knowingly and intelligently entered into the plea agreement, and the State performed its material obligations under the agreement. The record does not reflect that the excessive sentence in any way was the inducement or consideration for defendant's plea. While we find the sentence illegally excessive and therefore in error, we find this harmless error as it relates to defendant's plea bargain. Accordingly we will not invalidate defendant's guilty plea. The defendant's conviction is affirmed.
For the foregoing reasons, we vacate the defendant's sentence and remand this matter to the district court for resentencing in accordance with the statutory maximums of La.R.S.40:967(C) and La.Code Crim.P. art. 893(A). Counsel's motion to withdraw is denied.
SENTENCE VACATED AND REMANDED TO SENTENCING COURT FOR RESENTENCING.