757 So.2d 744 (2000)
STATE of Louisiana
v.
Tamatha Rene MILLER.
No. 99-950.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
*745 Don M. Burkett, District Attorney, Many, LA, Counsel for the State.
Lawrence C. Billeaud, Lafayette, LA, Counsel for Defendant.
(Court composed of SYLVIA R. COOKS, MICHAEL G. SULLIVAN, and GLENN B. GREMILLION, Judges.)
SULLIVAN, Judge.
Defendant, Tamatha Rene Miller, was charged in three separate trial court proceedings with (1) five counts of forgery (our docket number 99-950); (2) one count of unauthorized use of a motor vehicle (our docket number 99-951); and (3) one count of theft of a thing valued at $100.00 or more but less than $500.00 (our docket number 99-952). Because the trial court *746 consolidated the trial docket numbers, they will remain consolidated on appeal, but we will issue a separate opinion in each case.
Defendant initially pleaded not guilty to all counts, but in one proceeding on February 22, 1999, she withdrew her former pleas and entered pleas of guilty to one count of forgery, one count of unauthorized use of a motor vehicle, and one count of theft of a thing valued between $100.00 and $500.00. In exchange for these pleas, the State dismissed the remaining four counts of forgery as well as an additional charge of forgery in yet another trial court proceeding. On May 7, 1999, the trial court sentenced Defendant to five years at hard labor and a $1,000.00 fine for forgery, five years at hard labor and a $1,000.00 fine for unauthorized use of a motor vehicle, and one year at hard labor and a $1,000.00 fine for theft, with the sentences to run concurrently. The trial court also ordered Defendant to pay the total outstanding restitution.
On appeal, Defendant argues that her sentences are excessive. We do not reach this issue, however, because of an error patent.

Facts
In reference to the five counts of forgery, Defendant signed the names "Phillip Gothier" and "Robert Sepulvado" to five checks and cashed them. On the unauthorized use of a motor vehicle charge, Defendant went home with a friend, James Whitaker, and later took his car without his permission after he fell asleep. In reference to the theft charge, Defendant stole checks belonging to another friend, Steve Champion, and cashed them.

Errors Patent
In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. Upon review of the record, we find several errors patent.
First, one of the bills of information contains an error in Defendant's name. In trial court docket number 49,369 (our docket number 99-950), Defendant's name, "Tamatha Rene," is crossed out, and the name "Tamula Lou" is handwritten above. After requesting an explanation from the trial court of the handwritten amendment, this court received an affidavit by Frances Dahlem, a secretary for the Sabine Parish District Attorney's Office, explaining that the bill of information "was amended to reflect the name of Tamula Lou Miller in error as there was a Bill of Information filed under docket # 49368 reflecting the name of Tamula Lou Malmay."
As stated by the supreme court in State v. James, 305 So.2d 514, 516-17 (La.1974):
We now conclude that, for reasons to be elaborated, where in fact an accused has been fairly informed of the charge against him by the indictment and has not been prejudiced by surprise or lack of notice, the technical sufficiency of the indictment may not be questioned after conviction where, as here, no objection was raised to it prior to the verdict and where, without unfairness, the accused may be protected against further prosecution for any offense or offenses charged by it through examination of the pleadings and the evidence in the instant prosecution.
Defendant was fairly informed of the charge against her, and on appeal, she has not alleged any prejudice, surprise, or lack of notice. Additionally, this error may be considered a non-jurisdictional defect that was waived by Defendant's guilty plea. State v. Crosby, 338 So.2d 584 (La.1976). Accordingly, we find the error to be harmless.
Second, we note that the bill of information on the theft charge contains a superfluous citation to La.R.S. 14:68.4, unauthorized use of a motor vehicle, as well as the superfluous language that Defendant committed the offense of "theft $500.00 to $50,000.00." We find these errors to be harmless, as they did not mislead *747 Defendant to her prejudice. La.Code Crim.P. art. 464.
Third, during the guilty plea colloquy, the trial court asked Defendant if she intended to plead guilty to unauthorized use of a movable instead of unauthorized use of a motor vehicle, as she was originally charged. When inquiring into the factual basis supporting Defendant's plea to unauthorized use of a motor vehicle, the trial court asked, "Unauthorized use of whose movable?" Additionally, the minutes of the plea colloquy and sentencing hearing indicate that Defendant pleaded guilty to unauthorized use of a movable.
Unauthorized use of a movable and unauthorized use of a motor vehicle are separate offenses, with the latter carrying the more severe penalty. La.R.S. 14:68 and 14:68.4 respectively. As Defendant was originally charged with unauthorized use of a motor vehicle and that charge was never amended, either in writing or orally, the trial court did misstate the offense and the court minutes are in error. However, we find these errors to be harmless. Defendant has not raised this issue on appeal, and at other pertinent times, including at the beginning of the guilty plea proceeding and at sentencing, the State and the trial court correctly identified the offense to Defendant. We will, however, order that the court minutes be corrected to accurately reflect the charge.
Finally, we note that Defendant received an illegal sentence in that the trial court ordered her to pay restitution but failed to suspend any part of her sentence. At the time of the present offenses, the imposition of restitution without a suspended sentence was improper. "A trial court may not require restitution to the victim `unless the imposition or execution of sentencing is suspended.'" State v. Narcisse, 97-3161, p. 1 (La.6/26/98); 714 So.2d 698, 699. See also State v. De-Gueurce, 30,334 (La.App. 2 Cir. 2/25/98); 710 So.2d 296, writ denied, 98-1213 (La.10/9/98); 726 So.2d 18.
Without identifying the applicable offenses, the trial court stated the restitution would be "$260.79, $1,533.46, and $973.00." The transcript of the guilty plea indicates that $260.79 was for the offense of forgery, $1,533.46 was for the offense of theft, and $973.00 was for the forgery charge that was dismissed pursuant to the plea bargain.[1] At sentencing, Defendant agreed that she would pay the enumerated amounts of restitution, stating that she had paid a considerable amount of the checks. Defendant does not object to the payment of restitution.
In the 1999 Regular Session, the legislature enacted La.Code Crim.P. art. 883.2, which requires the trial court to order the payment of victim restitution in cases where the court finds the victim suffered an actual pecuniary loss or incurred costs in connection with the prosecution. Thus, the trial court is no longer required to suspend a defendant's sentence before it can impose restitution to the victim. We find, however, that newly enacted Article 883.2, which became effective August 15, 1999, does not apply in the present case.[2] Article 883.2 increases the severity of the punishment to be imposed by requiring restitution to certain victims. Before the enactment of that article, the decision to order restitution was within the discretion of the trial court. Thus, we decline to apply Article 883.2 retroactively to offenses committed before its effective date. See State v. Loyd, 96-1805, p. 6 *748 (La.2/13/97); 689 So.2d 1321, 1324 (stating that the Ex Post Facto Clause prohibits "increasing punishment after the commission of the crime") and State v. Bailey, 28,822 (La.App. 2 Cir. 10/30/96); 682 So.2d 1271 (refusing to apply La.Code Crim.P. art. 893's prohibition of a suspended sentence for a first felony conviction of a crime of violence to offenses committed before its effective date).
Because Defendant agreed to restitution as part of the plea bargain, the validity of the plea may be called into question. However, in State v. Alexander, 95-1099 (La.App. 3 Cir. 12/26/96); 687 So.2d 527, this court found that an illegally excessive sentence did not affect the validity of the defendant's plea. Nonetheless, we vacated the sentence and remanded for resentencing:
[W]e find that the cases in which an illegal sentence resulted in the withdrawal of a guilty plea universally involve illegally lenient sentences. The case sub judice is distinguishable in that it involves an illegally excessive sentence. The defendant in the instant case agreed to a sentence in excess of the sentence he will ultimately receive. The inability of the state to fulfill its promise inures to the defendant's benefit, and causes no prejudice to defendant.
Since the defendant agreed to the excessive sentence of five years with an additional 160 days, it is only logical to assume that he would have agreed to the lesser sentence of five years. We find that the illegally excessive sentence did not induce the defendant to accept a plea agreement that he would have otherwise refused, and the state's failure to fulfill its promise of excessive imprisonment is not a material breach of the agreement. See State v. Reeves, 613 So.2d 1061 (La.App. 3 Cir.), writ denied, 619 So.2d 543 (La.1993).
The consideration for the defendant's guilty plea was that he would receive a suspended sentence and probation rather than imprisonment. He received the benefit of his plea bargain in that he was released on probation. Because of defendant's own breach of the plea agreement, namely, his refusal to follow the conditions of his probation, his probation was revoked and he was incarcerated. The defendant knowingly and intelligently entered into the plea agreement, and the State performed its material obligations under the agreement. The record does not reflect that the excessive sentence in any way was the inducement or consideration for defendant's plea. While we find the sentence illegally excessive and therefore in error, we find this harmless error as it relates to defendant's plea bargain. Accordingly we will not invalidate defendant's guilty plea. The defendant's conviction is affirmed.
Id. at pp. 3-4; 687 So.2d at 529.
Accordingly, we affirm Defendant's convictions, but we vacate the sentences and remand for resentencing consistent with this opinion. By imposing restitution with a partially suspended sentence, the trial court will still honor the plea agreement.

Decree
For the above reasons, Defendant's convictions are affirmed, but the sentences are vacated and the case is remanded for resentencing consistent with this opinion. Additionally, the trial court is instructed to amend the minutes of the guilty plea and sentencing hearings to reflect the correct offense of unauthorized use of a motor vehicle rather than unauthorized use of a movable.
SENTENCES VACATED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Although the trial court's imposition of restitution for docket number 50,716 may be an error patent since Defendant did not plead to that offense, that docket number is not before this court. Furthermore, the restitution imposed for docket number 50,716 was not ordered as a condition of probation for any of the present offenses.
[2] Article 883.2 was added by Acts 1999, No. 783, § 3 and by Acts 1999, No. 988, § 1. The first act specified an effective date of January 1, 2000, but the second act had no effective date. As Act 988 is the latest expression of legislative will, we find that Article 883.2's effective date is August 15, 1999. See La. Const. art. III, § 19.