GARRETT, J.
| jThe defendant, Gerry D. Banks, pled guilty to aggravated burglary and was sentenced to serve 10 years at hard labor, in accordance with a sentencing cap that was part of a plea agreement. The defendant then sought to withdraw his guilty plea. *898 The claim was denied, but the defendant was granted an out-of-time appeal. The defendant’s appellate counsel filed an An-ders/Benjamin brief stating that she could find no nonfrivolous issues to raise on appeal, as well as a motion to withdraw as' counsel for the defendant.[1] The defendant has filed his own pro se brief raising several assignments of error. For the following reasons, we grant the motion to withdraw by appellate counsel and affirm the defendant’s conviction and sentence, as well as the trial court’s denial of the defendant’s motion to withdraw his guilty plea.
FACTS
Around 4:00 a.m. on June 30, 2011, the 28-year-old defendant went to the home of 15-year-old L.J., and saw her on the porch.[2] The defendant was married to L.J.’s sister. According to L.J., the defendant demanded sex from her, but she refused. She .claimed the defendant became enraged, hit her in the head and attempted to choke her. L.J. broke free, ran inside the house, and shut the door. The defendant kicked the door open and entered the house. L.J.’s mother was awakened. L.J. saw the defendant strike her mother in the head with a lamp, knocking her unconscious and cutting her scalp. The defendant also struck L.J.’s younger brother in the face. The ^defendant hit L.J. in the head with the lamp before she ran out of the house and summoned help. L.J. and her mother were treated at the hospital for their injuries.[3]
Police investigated and determined that the back door of L.J.’s house had been forced open. Police went to the house where the defendant lived. When the defendant returned with blood on his clothing, they arrested him. On September 20, 2011, the defendant was charged with two counts of attempted second degree murder and one count of aggravated burglary. On April 16, 2013, the day before his jury trial was to begin, the defendant entered into a guilty plea agreement whereby he pled guilty to one count of aggravated burglary.
In exchange for the plea, the two counts of attempted second degree murder were dismissed, along with a charge of simple battery in another case. The defendant .signed a written plea agreement specifying that he agreed to plead guilty to aggravated burglary with a sentencing cap of 10 years at hard labor. The state agreed to make no recommendation as to the sentence. Sentencing was to occur after the completion of a presentence investigation (“PSI”).
The plea was entered in open court on April 16, 2013. In accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the defendant was advised of the rights waived by entry of a guilty laplea. The defendant was informed of the sentencing range for aggravated burglary. He was also advised that, because he was pleading guilty with a sentencing cap, he waived his right to appeal the sentence on the grounds of excessive *899 ness. Defense counsel stated that he had explained the defendant’s rights to him and the defendant understood them. The defendant stated in court that he understood his rights, that he had discussed his case with his attorney several times and that he was satisfied with the services of his attorney. The trial court incorporated all- the facts supporting the plea contained in the preliminary examination, which occurred on April 8, 2013. The guilty plea was accepted by the trial court.
The defendant appeared for sentencing on September 18, 2013. The trial court provided lengthy reasons for imposing the sentence of 10 years at hard labor with credit for time served.
In October 2013, the defendant filed an application for post conviction relief (“PCR”), seeking reversal of his conviction or withdrawal of his guilty plea based upon alleged ineffective assistance of counsel. The defendant claimed that his attorney told him “stuff’ that did not happen. In effect, the defendant asserted that he thought he would receive a suspended sentence. He also alleged that his attorney failed to file an appeal on his behalf. The trial court determined that the allegations of the application could be disposed of without a hearing. On November 18, 2013, the court issued lengthy written reasons for denying the relief sought. The trial court denied the application for PCR, Ending that the defendant failed to prove that he received ineffective assistance of counsel. The court noted that the |,,defendant entered into an advantageous plea agreement whereby two counts of attempted second degree murder were dismissed and his sentence for aggravated burglary was limited to 10 years at hard labor. The trial court found that the services rendered by the defendant’s attorney were not ineffective. ' The trial court also observed that the defendant was not entitled to appeal his sentence because he pled guilty with an agreed-upon sentencing cap.
The defendant then filed two motions which sought to withdraw his guilty plea. On January 16, 2014, he filed an application for an out-of-time appeal, alleging the existence of newly discovered evidence, and seeking an “out-of-time” appeal in order to file an application for PCR based on that evidence. In his brief in support of this motion, the defendant reasserted his claim of ineffective assistance of counsel, urging that his lawyer misled him into thinking he would receive only a suspended sentence of five years at hard labor, with five years of supervised probation. He also argued that the state withheld the result of DNA testing showing he was not the father of L.J.’s child. The defendant wanted to use this information to attack L.J.’s - credibility concerning her claims in the present case. He also asserted that he did not receive photos of his injuries taken by police at the time of his arrest; he was not allowed to face his accusers at the preliminary examination; and the trial court, in imposing sentence, was influenced by arrests which did not result in convictions. On February 21, 2014, the defendant filed a motion to withdraw his guilty plea, alleging ineffective assistance of counsel in that he was coerced by his attorney to enter his|Bguilty plea,-reasserting his allegations that he was told by his lawyer that he would receive a more lenient sentence than that actually imposed.
On June 4, 2014, the trial court held an evidentiary hearing on the motions. New counsel was appointed to represent the defendant at this hearing. After the hearing, the court issued a comprehensive 19-page written opinion. The court determined that the defendant was properly informed of his Boykin rights and was not induced to plead guilty because of misrepresentations or withholding of information *900 by his attorney. The trial court determined that the defendant’s attorney did not promise him that he would receive a suspended sentence or probation.
The trial court found that the defendant was not entitled to seek PCR from a sentence imposed in conformity with his plea agreement which was set forth in the record at the time of the plea. It found that the guilty plea waived all nonjurisdictional defects, including insufficiency of evidence, the merits of the state’s case, the right to confront the victims and impeach their claims with the paternity test results, and the right to use photographs of his injuries to prove that the defendant was defending himself during the commission of the aggravated burglary. However, the trial court considered the defendant’s contentions and found that he failed to establish any of these claims.
After denying all the claims raised by the defendant in support of his efforts to withdraw his guilty plea, the trial court noted that defendant asserted that he thought his court-appointed attorney was filing an appeal. The defendant filed his application for PCR within 30 days of imposition of 1 ^sentence in an attempt to preserve his appeal rights. Based upon those factors, the trial court granted the defendant an out-of-time appeal from the rulings of the trial court made in this matter.[4]
The Louisiana Appellate Project was appointed to represent the defendant on appeal. Appellate counsel has filed a motion to withdraw from representation of the defendant, along with an Anders brief, asserting that she had made a conscientious and thorough review of the trial court record and could find no nonfrivolous issues to raise on appeal, and no rulings of the trial court which would arguably support the appeal. State v. Anders, supra; State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176; State v. Benjamin, supra.
Appellate counsel verified that she mailed copies of the motion to withdraw and the brief to the defendant in accordance with the Anders, Jyles, Mouton, and Benjamin cases. The defendant was informed of his right to file a pro se brief in this matter.
Appellate counsel noted that the defendant entered a valid guilty plea with an agreed-upon sentencing cap. Appellate counsel correctly observed that, because the defendant was sentenced in accordance with the agreed-upon sentencing cap, he could not raise a claim of excessiveness on appeal. See La. C. Cr. P. art. 881.2; State v. Young, 96-0195 (La.10/15/96), 680 So.2d7 1171; State v. Smith, 47,800 (La.App.2d Cir.2/27/13), 110 So.3d 628. The defendant received a significant reduction in sentencing exposure pursuant to the guilty plea agreement,' which dismissed the two charges of attempted second degree murder and a charge in another case. Also, the trial court gave extensive reasons for the sentence imposed.
Appellate counsel noted that the trial court failed to grant the defendant’s motion to continue the sentencing date on September 18, 2013. Sentencing was orig *901 inally set for July 16, 2013, and was continued to July 17, 2013, September 17, 2013, and then to September 18, 2013. The defendant sought to continue sentencing to November 15, 2013. The court noted that the defendant had been incarcerated since July 16, 2013, and defense counsel had ample time to consult with him and prepare for sentencing. No objection was made to the denial of the motion to continue and appellate counsel stated that there was no basis to argue this as error on appeal.
Appellate counsel reviewed all the allegations made by the defendant in connection with his motion for out-of-time appeal, which were denied by the trial court, and concluded that no objection could be raised to the trial court’s action.
On December 8, 2014, this court issued an order holding the motion to withdraw by appellate counsel in abeyance and rescinding the previous deadline for filing a pro se brief. The defendant was informed that he could file a brief within 30 days of the date of the order. The defendant filed a pro se brief raising several assignments of error.
IsDISCUSSION
In his pro se brief, the defendant argues he intended to enter an Alford plea and the trial court failed to sentence him under Alford. He claims that the state breached the plea agreement not to make recommendations regarding the sentence. He contends that he was coerced to plead guilty by his lawyer and the court. He asserts that he has been denied access to the courts because he has not been allowed full access to the use of the law library at the facility where he is incarcerated. The defendant also requests that we examine the record for error patent on the face of the record.
Alford Plea
In his brief to this court, the defendant argues that he intended to enter his plea in this case in accordance with North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), that the court and defense counsel knew that, but in their haste to gain this conviction, the trial court failed to sentence the defendant under the Alford plea. He claims that, at the sentencing, it was pointed out to the trial court that he intended to enter an Alford plea, but that the error was never corrected.
Alford holds that an accused may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even though he is unwilling to admit participation in the crime, or even if his guilty plea contains a protestation of innocence, when he intelligently concludes that his interests require a guilty plea and the record strongly evidences guilt.
In the written plea agreement and at the guilty plea hearing, there was no mention that the defendant intended to enter an Alford plea in this matter. jgIn fact, the bill of information was amended to more accurately reflect the way the defendant contended the aggravated battery was committed, i.e., rather than entering the house with a dangerous weapon, the defendant committed a battery while in the dwelling.[5] In fact, at the guilty plea hearing, the trial court asked the defendant, *902 “And Mr. Banks, are you guilty of aggravated burglary of the house belonging to [L.J.’s mother] on or about June 30, 2011?” The defendant replied, ‘Tes, sir.”
At the sentencing hearing, defense counsel asserted to the court that the defendant intended to enter an Alford plea. The defendant now complains that the error was never corrected. The fact that the defendant may have intended to enter an Alford plea has no impact on the manner in which he was sentenced or the length of the sentence imposed. No corrections to the record are necessary. The defendant has failed to show any prejudice by failing to note earlier that he intended to enter an Alford plea. His argument is without merit.
Alleged Breach of Plea Agreement
The defendant argues that his plea agreement specified that the state would refrain from making any recommendation regarding sentencing. The defendant asserts that, at the sentencing hearing, the state made comments and raised issues to see to it that the defendant received “the stiffest | inpunishment.” He contends that this action by the state constitutes a breach of the plea agreement.
At the sentencing, defense counsel argued, in essence, that the failure to prosecute the 2008 aggravated rape charge against the defendant involving L.J., after her recantation, should be considered as a mitigating factor in imposing sentence. .The state sought to clarify the circumstances surrounding that charge, noting that the defendant was held for 17 months and was eventually released when the victim recanted due to family pressure. The state commented that the 2008 arrest was an aggravating factor, not a mitigating factor, and that the defendant had received a second chance when he was not prosecuted on that charge, yet he continued to have a relationship with the victim.
Defense counsel objected to the state’s comments, noting that, under the terms of the plea agreement, the state was hot to make any recommendation regarding sentencing. The state responded that it was not expressing an opinion regarding punishment, but was pointing out that the defense was “characterizing as mitigating factors” events that did not weigh in favor of the defendant. Defense counsel stated, “And I guess that’s all right.” The defendant was sentenced in accordance with the agreed-upon sentencing cap. The defendant has failed to show that any comment By the state breached the plea agreement or prejudiced him in any way. This argument is without merit.
InWithdrawal of Guilty Plea
The defendant claims he was intentionally coerced by his attorney and the trial court into accepting the plea agreement. The defendant maintains that his attorney told him that he would receive a suspended sentence of five years at hard labor and that he would be placed on supervised- probation for five years. This argument was vigorously asserted in the trial court in an attempt to withdraw the defendant’s guilty plea.. The trial court properly rejected this argument.
The court may permit a plea of guilty to be withdrawn at any time before sentence. La. C. Cr. P. art. 559. The jurisprudence also holds that a guilty plea may be withdrawn after sentence in some instances. When the plea is constitutionally deficient, it is only reasonable to permit withdrawal of that plea because it can be attacked on constitutional grounds even after sentence by a writ of habeas corpus. Hence, judicial economy obviously suggests that the trial court should have jurisdiction to immediately conduct a hearing on the motion to vacate a plea, even after sentence. State v. Lewis, 421 So.2d 224 *903 (La.1982). See also State v. Gasca, 575 So.2d 913 (La.App. 2d Cir.1991), writ denied, 580 So.2d 674 (La.1991).
A guilty plea is invalid when the defendant is induced to plead guilty by a plea agreement or by what the defendant reasonably believes is a plea agreement and the terms of the bargain are not satisfied. State v. Hall, supra.
Where a defendant’s misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. In the absence of fraud, intimidation h2or incompetence of counsel, a guilty plea is not made less voluntary or less informed by the considered advice of counsel. State v. Hall, supra.
A misunderstanding between coun-. sel and defendant does not have the same implication as a breached plea bargain and does not render the guilty plea not “free and voluntary”; nor is dissatisfaction with the sentence or expected sentence after sentencing sufficient'to invalidate a guilty plea if the plea was entered into on advice of competent counsel and there is no indication that a plea agreement had been broken. State v. Senterfitt, 2000-415 (La.App. 3d Cir.9/27/00), 771 So.2d 198, writ denied, 2000-2980 (La.9/28/01), 798 So.2d 107. See also State v. Boatright, 406 So.2d 163 (La.1981); State v. Gasca, supra.
The defendant contends that he was induced to plead guilty by his attorney, based upon incorrect representations by the attorney regarding the length of the sentence. He claims that, based upon this misrepresentation, his guilty plea was not made freely and voluntarily. The record in this case fails to support the defendant’s claim.
At the guilty plea hearing, the defendant was informed of his Boykin rights and the trial court engaged in a lengthy colloquy with the defendant. The defendant completed high school and one year of college. He stated that he was satisfied with the services of his attorney. The trial court read the definition of aggravated burglary to the defendant and the defendant said he understood. The defendant was instructed that the sentence for aggravated burglary is not less than one year nor more than 30 years. The defendant was told that, under the terms of his plea agreement, the sentencing cap in this case would be 10 years at hard labor, and that the | iaIength of the sentence the trial court would impose had not yet been determined. The defendant stated that he understood. The defendant affirmed that no one, including his attorney or the state, had threatened, tricked, or framed him into pleading guilty. He stated that he had not been promised anything to encourage a guilty plea and no one had guaranteed how much time, if any, he would receive. The defendant was informed that, by pleading guilty with a sentencing cap, he would not be able to appeal the length of the sentence.
The trial court found that the guilty plea was made freely and voluntarily, with an understanding of the nature of the charge and the consequences of the plea, including the defendant’s understanding of the plea agreement. The trial court ordered a PSI prior to sentencing. When the defendant appeared for sentencing, the trial court had reviewed the PSI, along with letters written bn behalf of the defendant. It also considered victim impact statements expressing fear of the defendant and the wish that he receive the maximum sentence.
The court noted that the defendant was a first felony offender. He had convictions for simple criminal damage to property, simple battery, and possession of marijuana. The defendant received probation on *904 the marijuana charge, but failed to attend court-ordered substance abuse meetings. His probation was revoked and he was ordered to serve six months in the parish jail. The defendant had arrests for two counts of simple battery, aggravated rape, and felony carnal knowledge of a juvenile.
Defense counsel specifically asked the court to impose a sentence of five years at hard labor, suspended, with probation for five years and an |14order to stay away from the victims. However, the court imposed the maximum sentence under the plea agreement, 10 years at hard labor.
In seeking to withdraw his guilty plea, the defendant contended that his attorney led him to believe that he would only receive a five-year suspended sentence with five years of probation. The defendant’s mother testified that she was present at a meeting between the defendant and his attorney, prior to the entry of the guilty plea, in which the attorney led them to believe the defendant would receive the five-year sentence.
Defense counsel testified and denied guaranteeing that the defendant would receive a five-year suspended sentence. The attorney said he met with the defendant prior to the guilty plea and made sure he understood the court could sentence him up to 10 years. The attorney said he told the defendant he would request that the court impose a five-year suspended sentence with five years of probation. As previously noted, the record shows that defense counsel did, in fact, request in open court that the defendant receive a five-year suspended sentence with five years of probation.
The testimony given by the defendant’s mother was equivocal. The trial court made a credibility call, believing defense counsel that no guarantee was made to the defendant that he would receive a suspended sentence. The defendant was fully informed that, in accordance with the sentencing cap in the guilty plea agreement, he could receive up to 10 years at hard labor. As found by the trial court, the defendant has failed to show that he was misled and that his guilty plea was not informed and voluntary. |1fiThe ruling made by the trial court is correct and is fully supported by the record.
Access to Courts
The defendant claims he was denied access to the courts and never fully understood the nature or the consequences of his charges. In his brief, the defendant claims he was denied access to his attorney and could not get the help he needed. He claims that, while out on bond, he did not have an opportunity to talk with his attorney, and the defendant’s incarceration limited the attorney’s ability to talk to him. The defendant also claims that he has not been allowed full access to the legal resources in the detention facility where he is incarcerated.
The defendant failed to raise these issues in the trial court. Therefore, they are not properly before this court on appeal. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La. C. Cr. P. art. 841. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise. U.R.C.A. Rule 1-3.
Furthermore, the record does not support the allegations. The record shows that the defendant had adequate access to his attorney. The defendant was free on bond prior to his guilty plea and his lawyer discussed the case with him at court appearances and also met with him at an office prior to the guilty plea to discuss the state’s offer. Defense counsel stated that *905 he thought they discussed the case very thoroughly. During the guilty plea colloquy, the trial court asked the defendant if he had discussed his Incase with his lawyer on several occasions and he stated that he had. The defendant was asked if he needed additional time to talk to his lawyer before entering his guilty plea and the defendant said he did not. The guilty plea colloquy also shows that the trial court fully apprised the defendant of the charges against him and the consequences of a guilty plea. The defendant stated that he understood the information given to him by the trial court.
Regarding his claims of limited access to legal materials and aid while incarcerated, we note that Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), held that an inmate complaining that his access to courts has been abridged must demonstrate an actual injury caused by the claimed denial. In this case, the defendant has been furnished with appointed counsel at all stages of the proceedings. Further, he has been able to file his pro se brief in this matter, fully asserting all matters he claims constituted error in the trial court. The defendant has failed to show denial of access to the courts or actual injury by the claimed denial.
Error Patent
The defendant has requested that this court conduct a review for error patent on the face of the record. This court has conducted an error patent review of the appellate record and no errors were found. The bill of information and arraignment were correctly done. There were no errors patent found in the guilty plea or sentencing proceedings.
117C0NCLUSI0N
For the reasons stated above, we grant the motion to withdraw filed by appellate counsel. We affirm the conviction and sentence of the defendant, Gerry D. Banks. We also affirm the decision of the trial court denying the defendant’s motion to withdraw his guilty plea.
MOTION TO WITHDRAW BY APPELLATE COUNSEL GRANTED; DENIAL OF MOTION TO WITHDRAW GUILTY PLEA AFFIRMED; CONVICTION AND SENTENCE AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).

. The initials of the juvenile victim are used in compliance with La. R.S. 46:1844(W).

. The record shows that in 2008, the defendant was arrested for the aggravated rape of L.J., but the prosecution did not proceed because the victim recanted. L.J. was pregnant at the time of the present offense. According to the defendant, on July 5, 2011, L.J. and her parents went to the police and alleged that the defendant had been having sex with L.J. twice a week since she was 13 years old. L.J. contended that the defendant was the father of her child. He was arrested for felony carnal knowledge of a juvenile. However, DNA testing eventually showed that the defendant was not the father of the child.

. Arguably, the trial court should not have granted an appeal in this matter. The motions filed by the defendant were applications for PCR, as noted by the trial court. Dismissals or denials of applications for PCR are not appealable. See La. C. Cr. P. art. 930.6. However, this court has considered on appeal motions to withdraw guilty pleas. See State v. Hall, 637 So.2d 645 (La.App.2d Cir.5/4/94), writ denied, 94-1373 (La.9/30/94), 642 So.2d 868. As a matter of judicial economy, we are addressing the defendant’s claims in the manner presented rather than converting the appeal to an application for a supervisory writ of review.

. The bill of information originally charged the defendant with unauthorized entry of an inhabited dwelling, with the intent to commit a felony or theft therein, while armed with a dangerous weapon. In order to comply more closely with the defendant's version of the incident, the bill was amended, without objection, to charge the defendant with unauthorized entry of an inhabited dwelling, with the intent to commit a felony or theft therein, and committing a battery upon L.J.’s mother while in the dwelling.