545 So.2d 528 (1989)
STATE of Louisiana
v.
Valerie MANCHESTER.
No. 88-K-3128.
Supreme Court of Louisiana.
June 16, 1989.
PER CURIAM.
Relator and Clifford McGraw were charged with the first degree murder of Gregory Kress in a 1975 brutal attack in which Kress was killed and his wife was seriously injured. Later that year relator was convicted of second degree murder, but that conviction was reversed on appeal.[1]State v. McGraw, 366 So.2d 1278 (La.1979).
During the pendancy of her appeal, relator escaped from jail and was at large until 1985. In 1987, this court affirmed the trial court's denial of relator's motion to quash based on prescription. State v. Manchester, 500 So.2d 401 (La.1987).
After several sessions of plea bargaining, relator pleaded guilty on May 11, 1987 to the reduced charge of manslaughter of Kress and to the newly added charge of attempted first degree murder of Mrs. Kress. In the colloquoy with the court at the plea, relator acknowledged that she understood the maximum sentences on the two charges were twenty-one and twenty years respectively. At the end of the hearing the judge accepted the plea, ordered a pre-sentence investigation, and set the sentencing for July 20.
In an on-the-record bench conference immediately following the acceptance of the plea, the prosecutor verbally requested that the plea be withdrawn because the parties had agreed in the presence of the judge to the maximum sentence on the manslaughter conviction. The trial judge denied the request, noting that he had never agreed to a particular sentence and had full discretion to sentence relator on the two counts to a term from zero to forty-one years.[2]
Shortly thereafter, and before sentencing, relator filed a motion to withdraw the *529 plea. An evidentiary hearing was conducted by a different trial judge, who denied the motion. The original judge then sentenced relator to the maximum sentences for each conviction, to be served consecutively.
On appeal, defendant complained that she should have been allowed to withdraw the plea. A divided court of appeal affirmed the convictions and sentences. 534 So.2d 1376. We now grant certiorari and set aside the sentences.
Evidence at the hearing on the motion to withdraw the plea established that the prosecutor in the plea bargain negotiations offered to reduce the original murder charge to manslaughter if relator would agree to the maximum sentence. Relator refused, and her counsel countered with an eighteen-year sentence offer to the prosecutor. On the day of trial the prosecutor informed defense counsel he was filing a supplemental charge of attempted first degree murder of Mrs. Kress.[3] Plea negotiation began anew, and defense counsel offered to accept the previous offer of a twenty-one-year sentence, concurrent with twenty years on the new charge. The prosecutor stated he had no objection to concurrent sentences, but did not discuss the bargain with the judge.
Both defense attorneys testified that they understood there was an agreement for concurrent sentences and told relator she would receive concurrent sentences. Relator testified her consent to the guilty plea was based on representations by her attorneys that she would receive concurrent sentences.
The evidence clearly established a reasonable and justifiable basis for relator's belief in her attorneys' representation that her sentence would not exceed twenty-one years if she pleaded guilty to both charges. Her immediate motion to withdraw the plea, after the trial judge indicated at the bench conference that he might impose a sentence in excess of twenty-one years, further indicates that she pleaded guilty on the basis of a plea bargain for a twenty-one-year-sentence. Moreover, relator's simple negative answers to the questions during the plea colloquoy whether anyone had forced, threatened or intimidated her, or promised her anything in order to get her to plead guilty, does not unequivocably undermine the reasonableness of her belief, especially in the absence of any specific question by the judge or mention by any party as to the existence of a plea bargain agreement. Indeed, it is illogical to suppose that relator, after consistently refusing to plead guilty with a sentence greater than eighteen years, would suddenly decide to plead guilty and be exposed to a forty-one-year sentence.
Furthermore, the prosecutor's immediate request to withdraw the plea in the bench conference at least shows his belief that the parties had reached some form of plea bargain.[4] Thus, both the prosecutor and the defense attorneys reasonably believed they had reached a bargain, and both objected almost immediately to the trial judge's conclusion that he had complete discretion to sentence relator from zero or to forty-one years because he was not bound by any bargain reached by the parties. Under these circumstances blame for the failure to make clear the terms of the bargain and to obtain the judge's approval thereto should not fall entirely on relator and her counsel.
The trial judge, of course, had the discretion to reject the plea bargain, even if the parties had been in complete agreement as to the terms. However, the judge did not *530 have discretion both to reject the bargain and to refuse to allow relator to withdraw her plea which was based on her reasonable belief that she would be sentenced in accordance with the bargain. State v. Dixon, 449 So.2d 463 (La.1984); State v. Thompson, 414 So.2d 1218 (La.1982).
Accordingly, the sentences are set aside. The case is remanded to the district court for the original trial judge either to grant relator's motion to withdraw the guilty plea or to sentence relator to the concurrent sentences that she reasonably believed she would receive when she entered the guilty plea.
MARCUS, WATSON and COLE, JJ., dissent.
NOTES
[1] McGraw was found guilty of first degree murder and sentenced to death. The sentence was later reduced to life imprisonment at hard labor, after Louisiana's capital sentencing statute was found unconstitutional.
[2] The judge further noted that during the colloquoy relator had answered in the negative his question whether any promise had been made to her in return for her guilty plea. However, the judge did not specifically inquire about any plea bargain, and neither counsel requested that any bargain be made part of the record.

The preferable procedure, in order to eliminate any misunderstanding such as the one which occurred here, is for the trial judge in a guilty plea colloquoy to have any plea bargain stated in detail on the record or for counsel to make such an offer if the trial judge fails to require the statement. This procedure not only eleminates any misunderstanding between the court and the parties, but also insures the accuracy of the agreement in the event of future post-conviction applications based on unkept plea bargains.
[3] In the meantime the trial judge had declared Mrs. Kress to be an unavailable witness because of medical problems, and ruled that her testimony from the 1975 trial could be used against relator.
[4] The prosecutor argued to the judge that because of the bargain relator could not be sentenced to less than twenty-one years, and that the plea must be set aside if the judge refused to accept the bargain.