807 So.2d 1085 (2002)
STATE of Louisiana
v.
Spencer ROBINSON.
No. 01-KA-946.
Court of Appeal of Louisiana, Fifth Circuit.
January 29, 2002.
*1086 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Davidson S. Ehle, III, Michelle H. Hesni, Gretna, LA, Attorneys for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY, and WALTER E. ROTHSCHILD.
DALEY, Judge.
Defendant Spencer Robinson appeals the trial court's denial of his Motion to Quash and Motion to Enforce Plea Agreement. We affirm the trial court's denial.
On January 10, 2000, the Jefferson Parish District Attorney filed a Bill of Information charging defendant, Spencer Robinson, with distribution of cocaine on or about September 27, 1999, a violation of LSA-R.S. 40:967 A. Defendant was arraigned on January 27, 2000 and pled not guilty. On June 21, 2000, the Bill of Information was amended to charge defendant with distribution of cocaine within 1000 feet of a school in violation of LSA-R.S. 40:981.3. On that same day, defendant was arraigned on the amended bill and pled not guilty.
On August 16, 2000, defendant appeared in court, withdrew his pleas of not guilty, and entered pleas of guilty to the charge in this case, Number 00-140, as well as to the charges in case Numbers 99-6108, 00-3887, 97-5920, 00-3088, 99-5186, 00-3089, 00-3525, and 00-3526, pursuant to a plea agreement with the State. However, the trial court would not take defendant's pleas that day due to a problem with the Amended Bill of Information.
On September 27, 2000, defendant filed a Motion to Quash the Bill of Information and Motion to Enforce Plea Agreement. The trial court denied the Motion to Quash.[1] On January 17, 2001, defendant withdrew his plea of not guilty and pled guilty pursuant to State v. Crosby, reserving his right to appeal the denial of the Motion to Quash.[2] The trial court sentenced him to imprisonment at hard labor for fifteen years without benefit of parole, *1087 probation, or suspension of sentence. The court ordered that sentence to run concurrently with sentences imposed in case Numbers 99-6108, 00-3887, 97-5920, 00-3088, 99-5186, 00-3089, 00-3525, and 00-3526 in the 24th Judicial District Court. On January 24, 2001, defendant filed a Motion to Appeal, which was granted.

FACTS
There was no trial in this matter because defendant pled guilty pursuant to State v. Crosby. The following facts were obtained from the hearing on the Motion to Suppress Evidence. Detective George Ansardi of the Kenner Police Department Narcotics Investigation Section testified that his department had established an undercover operation by having an agent from another parish pose as a drug user. The agent drove through high narcotics-trafficking areas and made herself available to anyone willing to sell her any illegal narcotics. On September 27, 1999, defendant, Spencer Robinson, and Clyde Mitchell engaged in a transaction with the undercover agent, which was videotaped. Defendant handed the crack cocaine to Mitchell who in turn handed it to the undercover agent. Ansardi monitored the conversation from around the corner. After viewing the videotape, Ansardi identified defendant as the man on the tape because he had dealt with him on numerous other occasions and even had his business card.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant challenges the trial court's denial of the Motion to Quash and Motion to Enforce Plea Agreement. He claims that he and the State entered into a plea agreement on August 16, 2000, wherein if defendant would plead guilty to nine pending CDS (controlled dangerous substance) charges before any witnesses were called to testify at the hearing on the pre-trial motions, then the State would not amend the Bill of Information to allege that defendant violated LSA-R.S. 40:981.3, distribution of cocaine within 1000 feet of a school, rather than LSA-R.S. 40:967 A, distribution of cocaine. The minimum sentence for a violation of LSA-R.S. 40:967 A is five years, and the minimum sentence for a violation of LSA-R.S. 40:981.3 is fifteen years. Defendant states that, in return for the guilty pleas, the State agreed not to object to defense counsel requesting a sentence term of less than seven years and an assignment to an impact program. On appeal, defendant seeks specific performance of the plea agreement.
On January 10, 2000, Assistant District Attorney Robert Long filed a Bill of Information charging defendant with distribution of cocaine, a violation of LSA-R.S. 40:967 A. Defendant was arraigned on January 27, 2000 and pled not guilty. The minute entry of that day indicates that defendant was represented by Gerald DeSalvo. On June 21, 2000, the Bill of Information was amended by Assistant District Attorney Joe Roberts to state that the distribution of cocaine occurred within 1000 feet of a school, a violation of LSA-R.S. 40:981.3. On that same day, defendant appeared in court for the arraignment and pled not guilty. The minute entry of that day indicates that defendant was represented by June B. Darensburg, who was standing in for Davidson S. Ehle.
On August 16, 2000, defendant appeared in court with Mr. Ehle and indicated that he wanted to withdraw his pleas of not guilty on nine charges in nine separate cases and plead guilty as indicated on the Waiver of Rights form. A review of the Waiver of Rights form indicates that, in the event the court accepted his plea of guilty, defendant would be sentenced to five years imprisonment at hard labor, all sentences would run concurrently with *1088 each other, and additionally, the impact program would be ordered. (Exhibit D-1). The Waiver of Rights form does not contain the plea agreement between the State and the defendant, and the plea agreement was not put on the record. The trial judge then went through each case and advised defendant of his Boykin rights.[3] Toward the end of the colloquy, the following exchange regarding the Bill of Information occurred among the court, the Assistant District Attorney, Walter Amstutz, and defense counsel, Mr. Ehle:
BY THE COURT:
Approach, Mr. Ehle.
(BENCH CONFERENCE)
BY THE COURT:
Did you catch this?
BY MR. EHLE:
Walter said they didn't do that.
BY THE COURT:
Either you have to fix this or they have to fix this.
BY MR. EHLE:
I understand.
BY THE COURT:
Just amend it and sign it today. Amend it back to what it was.
BY MR. AMSTUTZ:
I can't do that.
BY THE COURT:
Don't destroy these. Mr. Robinson, I can't take your plea today.
On September 27, 2000, defendant filed a Motion to Quash the Bill of Information and a Motion to Enforce Plea Agreement. On that same day, Mr. Ehle stated on the record that he, on behalf of defendant, and Mr. Amstutz, on behalf of the State, had entered into a plea agreement on August 16, 2000, wherein defendant would plead guilty to "everything" if the State would not amend the charge on the Bill of Information to distribution of cocaine within 1000 feet of a school yard. Mr. Ehle also stated that the court had indicated on that same day that it would give defendant the "minimum" sentence and a boot camp recommendation, and that defendant had accepted the offer. Mr. Amstutz responded that the agreement was for defendant to plead "as charged," which included the fact that the Bill of Information had already been amended to the new charge. Mr. Amstutz said that the minimum sentence on the new charge was fifteen years and, therefore, he could not offer a five-year sentence to the defendant any longer.
Mr. Amstutz further stated that, at the time of the plea negotiations, he did not know the Bill of Information had already been amended on June 21, 2000, because ADA Joe Roberts was the individual who had amended the bill. Mr. Ehle did not specifically state in his brief or on the record that he did not know the bill had already been amended; however, when the trial judge stated, "Mr. Ehle likewise was of the belief that the bill had not yet been enhanced," Mr. Ehle did not dispute it. The trial judge then denied defendant's motion, stating, "So the problem is that there was a mistake of fact which as a matter of contract law would have prevented a meeting of the minds, and therefore the motion to quash is denied."
In State v. Givens, 99-3518 (La.1/18/01), 776 So.2d 443, the Louisiana Supreme Court set forth the following law regarding plea agreements (citations omitted):
In determining the validity of agreements not to prosecute or of plea agreements, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant's constitutional right to fairness may be broader than his or her rights under contract law. The first step under contract law is to determine *1089 whether a contract was formed in the first place through offer and acceptance.
The party demanding performance of a contract has the burden of proving its existence. In the context of plea bargains, a defendant may demand specific performance of the state's promise if he can show that the parties reached an agreement, that he performed his part of the agreement, and that in doing so, he relinquished a fundamental right.
Id. at 455.
A plea bargain is a contract between the State and one accused of a crime. State v. Lewis, 539 So.2d 1199, 1204 (La.1989). The consent of both parties is required. Error, fraud, or duress may vitiate consent. Id. Error vitiates consent when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. Id. The trial court has discretion to reject a plea bargain, even if the parties are in complete agreement as to its terms. State v. Manchester, 545 So.2d 528, 529 (La.1989).
In the instant case, the State and the defendant consented to the terms of a plea agreement. The State offered not to amend the Bill of Information if the defendant pled guilty to all nine charges, and the defendant accepted the offer. However, it appears that error (the fact that the bill was already amended) vitiated the consent of both parties and, therefore, there was no valid plea agreement.
It appears that defendant, knew the bill had been amended on June 21, 2000. The minute entry of June 21, 2000 indicates that defendant appeared in court on that day and pled not guilty to the amended bill. The minute entry further indicates that defendant was represented that day by June B. Darensburg, who was "standing in for Mr. Ehle." Therefore, it appears that defendant was in bad faith during the plea negotiations.
In addition, even if the State and the defendant had agreed to the terms of the plea agreement, the trial court has discretion to reject it. State v. Manchester, 545 So.2d at 529.
Defendant relies in brief on two criminal cases dealing with the breach of a plea agreement: State v. Louis, 94-0761 (La.11/30/94), 645 So.2d 1144, and State v. Bishop, 96-694 (La.App. 5 Cir. 12/30/96), 686 So.2d 1053. These cases are not applicable. In State v. Louis, the State promised to dismiss charges against the defendant in exchange for defendant's revealing information about drug suppliers. The defendant made incriminating disclosures, but after learning that the defendant was actively engaged in drug trafficking, the State refused to drop the charges. The issue was whether an agreement had been reached and whether the defendant performed in accordance with the agreement so as to entitle him to immunity from prosecution for the particular offense. Unlike the defendant in this case, Bishop waived his right against self incrimination. The court held: "because of defendant's relinquishment of his right against self incrimination, any constitutional considerations flow in favor of immunity from prosecution." In Bishop, the defendant completed a Waiver of Rights form indicating he would plead guilty to three offenses. At the plea colloquy, however, the court omitted mention of one of the offenses and only inquired about the remaining two. This discrepancy was noted by this court on appeal in an error patent review. In the instant case, Robinson did not plead guilty until his Crosby plea on January 17, 2001. He only attempted to plead guilty to the preamended crime, the charge of violating of LSA-R.S. 40:976 A as reflected in the original bill. The trial court refused *1090 to take his plea after noticing the problem with the Amended Bill of Information.
We find no error in the trial court's denial of the Motion to Quash the amended bill given the facts in this case.

ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals errors patent in this case.
On January 17, 2001, defendant withdrew his plea of not guilty and pled guilty pursuant to State v. Crosby, reserving his right to appeal the denial of the Motion to Quash. The trial court sentenced him to imprisonment at hard labor for fifteen years without benefit of parole, probation, or suspension of sentence.[4] On January 24, 2001, defendant filed a Motion to Appeal, which was granted. The Motion to Appeal was filed beyond the five-day time limit accorded by LSA-C.Cr.P. art. 914. However, this Court will consider it timely because the plea was entered pursuant to State v. Crosby. State v. Weiland, supra.
The ruling denying the Motion to Quash is affirmed.
AFFIRMED.
NOTES
[1] The trial judge did not issue a ruling on the motion to enforce plea agreement; however, because the two motions were consolidated in one pleading, her ruling apparently applied to the motion to enforce plea agreement as well since the plea agreement was not ordered to be enforced.
[2] State v. Crosby, 338 So.2d 584 (La.1976).
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[4] The court ordered that sentence to run concurrently with sentences imposed in case numbers 97-5920, 99-5186, 99-6108, 00-3887, 00-3088, 00-3089, 00-3525, and 00-3526 in the 24th Judicial District Court.