hDOWNING, J.,
concurs and assigns reasons.
I concur in the result of this case. However, this opinion could be read to imply that a judge who is not a party to a plea agreement between the defendant and the prosecutor may always reject an agreement, without allowing a plea to be withdrawn. This opinion and the opinion in State v. Hennis, 98-0664 (La.App. 1 Cir. 2/19/99), 734 So.2d 16, both leave out the modifying language of State v. Manchester, 545 So.2d 528 (La.1989) cited in Hennis, which says:
The trial judge, of course, had the discretion to reject the plea bargain, even if the parties had been in complete agreement as to the terms. However, the judge did not have discretion both to reject the bargain and to refuse to allow relator to withdraw her plea which was based on her reasonable belief that she would be sentenced in accordance with the bargain. (Citations omitted.) State v. Manchester, 545 So.2d at 529-530.
The admonition by the court in State v. Manchester bears repeating here:
The preferable procedure, in order to eliminate any misunderstanding such as the one which occurred here, is for the trial judge in a guilty plea colloquy to have any plea bargain stated in detail on the record or for counsel to make such an offer if the trial judge fails to require the statement. This procedure not only eliminates any misunderstanding between the court and the parties, but also insures the accuracy of the agreement in the event of future post-conviction applications based on unkept plea bargains. State v. Manchester, 545 So.2d at 528 n. 2.
| gIt is very important that the trial court be specific concerning the nature of any plea agreement. Specificity eliminates misunderstanding.
If a prosecutor states to the defendant that he will recommend a sentence to the trial court but the trial court does not agree to be bound and the prosecutor has made no other representations then:
It is well settled that a defendant may not withdraw his plea solely because the sentence he received is greater than anticipated. State v. Thompson, 414 So.2d 1218 (La.1982).
If the prosecutor and the defendant agree on a specific sentence, not just a *147 recommendation, the judge is not bound by the sentence but he must allow defendant to withdraw his plea. See State v. Manchester, supra. If the defendant is sentenced within the proposed plea agreement, he cannot have his sentence reviewed for excessiveness. State v. Canada, 838 So.2d 784.
If the prosecutor and defendant agree to a sentence and the judge also agrees to the sentence at the plea and then changes his mind, the defendant may either withdraw his plea or obtain specific performance, at the defendant’s discretion. State v. Terrebonne, 2001-2632 (La.App. 1 Cir. 6/21/02), 822 So.2d 149. If the defendant receives a sentence within the sentencing range to which he agreed, then he may not appeal the excessiveness of the sentence.
For the foregoing reasons it is very important for the trial court to specifically state the conditions of the plea. The trial court may avoid remands to determine the defendant’s understanding of the plea if the trial court will follow the suggestion of the supreme court in State v. Manchester, quoted above.