SALTER, J.
A highway paving contractor, Maggolc, appeals a portion of the jury award and final judgment obtained by a personal injury plaintiff, Robert Roberson. We affirm the denial of Maggolc’s motions for judgment in accordance with motion for directed verdict, remittitur, and new trial, all *557 directed to Mr. Roberson’s jury awards for past earnings and lost earning capacity.

Facts and Proceedings Below

While riding his motor scooter at around 9:00 p.m. at night in Miami Beach, Mr. Roberson traversed an area of pavement being resurfaced by Maggolc, struck a projecting manhole pipe, was thrown from his scooter, and was injured on the jagged surface of the roadway. At trial, the jury determined that Maggolc was negligent and that Mr. Roberson should recover a total of $532,294.54, consisting of: (a) past medical expenses of $17,294.54, (b) future medical expenses of $20,000.00, (c) pain and suffering, and other non-economic damages, of $250,000.00, (d) past lost earnings of $85,000.00, and (e) future lost earning capacity of $160,000.00.
Maggolc filed post-trial motions for judgment in accordance with its prior motions for directed verdict, for new trial, and in the alternative, for remittitur, each of which was denied. This appeal followed.

Analysis

On appeal, Maggolc does not challenge liability or the damage awards in three of the five categories. Maggolc seeks a directed verdict, remittitur, or a new trial only as to the awards of past lost earnings and future lost earning capacity.
Maggolc argues that Roberson’s skimpy testimony regarding past earnings and future earning capacity, unsupported by financial records of any kind, must have impermissibly pinned his claims for those losses on sympathy and speculation. Mr. Roberson, a personal trainer,[1] was the only witness providing numerical evidence regarding his earnings history and future prospects. Though claiming an annual income before the accident of “approximately” $80,000, Roberson conceded that he had not filed tax returns, had no receipts or appointment records, had no bank records, had no information regarding expenses, and had no client testimony about hourly rates, numbers of training sessions, or similar details. An acupuncturist who worked out of an adjacent area at the Standard Hotel in Miami Beach testified that she, like Mr. Roberson, had been one of the “original staff’ of the hotel from 2005 to 2009, and that she had seen him training clients, including celebrity and well-to-do clients, and giving them workouts. But the acupuncturist did not know how many clients Mr. Roberson had, and she did not provide any estimate of his charges or income.
The evidence in the record regarding Mr. Roberson’s claim for past lost earnings and loss of future earning capacity consisted of:
1. Mr. Roberson’s testimony estimating that he made approximately $80,000 per year before the accident.
2. His testimony that he was paid $90 to $150 “per session,” earning between $1500 and $2000 per week before the accident, and working long hours six or seven days a week.
3. His testimony that after the accident his annual earnings had dropped to $15,000 (2010) and $20,000 (2011 and projected 2012).
4. His testimony that he expected to work as a trainer another eight years.
*558 5. The acupuncturist’s testimony that she saw him at the hotel working long hours six or seven days a week, and that they cross-referred clients to each other, including celebrities, models, and professional athletes.
6. Mr. Roberson’s medical expert testified that Mr. Roberson had a seven percent permanent physical disability rating, ascribing five percent to his neck and two percent to his knees. No occupational or other expert testified that Mr. Roberson was precluded from other work, or estimated the income Mr. Roberson might attain based on his age, education, and experience.[2]

Analysis

Our review of the denial of the motion for directed verdict is de novo, viewing all of the evidence presented and all available inferences from that evidence in the light most favorable to Mr. Roberson. Boulton Agency, Inc. v. Phoenix Worldwide Indus., Inc., 698 So.2d 1248, 1250 (Fla. 3d DCA 1997). We review the trial court’s denial of Maggolc’s post-trial motions for remittitur and new trial under the abuse of discretion standard. SDG Dadeland Assocs., Inc. v. Anthony, 979 So.2d 997, 1001 (Fla. 3d DCA 2008).
The question is whether the evidence described above, uncorroborated by any income tax returns (because he had filed none), bank records, receipt books, credit card slips, Social Security earnings history, client lists, appointment records, expenses, or other documents, is collectively sufficient to prove past lost earnings and loss of earning capacity with “reasonable certainty.” Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89, 91 (Fla.1995). Florida law has long specified that reasonable certainty as to the facts of injury and causation is more critical than reasonable certainty as to the computation of the resultant losses. Twyman v. Roell, 123 Fla. 2, 166 So. 215 (1936). Plainly there was competent substantial evidence regarding the fact of Mr. Roberson’s injury and the causal connection between the injury and its adverse effect on his vocation as a personal trainer.
No Florida court has determined that a claim for an individual’s lost past earnings must be supported by documentary evidence, or that the failure to file income tax returns for those earnings (at an annual level that clearly requires a return) precludes recovery. These issues are, as they were here, for the jury to weigh in their assessment of Mr. Roberson’s credibility.
Affirmed.

. Although Mr. Roberson testified that he included massage therapy in his training programs, he had no occupational license. He said that he had a "national license” from the National Council of Strength and Fitness, and that although that license did not authorize him to practice massage in Florida, he was an ordained minister allowing him to take money for putting his hands on people for healing.

. See Eagle Atl. Corp. v. Maglio, 704 So.2d 1104 (Fla. 4th DCA 1997).