DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND CUSTODIAN FOR SOUNDVIEW LOAN TRUST 2006-EQ1,**
Appellant,

v.

**FERNANDO ALEXIS FRIAS** a/k/a **FERNANDO A. FRIAS,** a/k/a **FERNANDAO A. FRIAS; BRENDY FRIAS; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**
Appellees.

No. 4D13-4818

[November 4, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; William W. Haury, Jr., Judge; L.T. Case No. CACE07024673.

Eve A. Cann, Heidi Jo Bassett, and Russell B. Buchanan of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, for appellant.

Peter Ticktin, Kendrick Almaguer, and Michael S. Wickenhauser of The Ticktin Law Group, P.A., Deerfield Beach, for appellee Fernando Alexis Frias.

FORST, J.

Appellant Deutsche Bank ("the Bank") appeals the involuntary dismissal of its foreclosure action against Appellee Fernando Frias, et al. ("the Homeowner"). Because the trial court improperly denied admission of the loan payment history and note, we reverse and remand for further proceedings.[1]

**Background**

The Bank filed a foreclosure action against the Homeowner in

---

[1] We find no error in the trial court's failure to grant the Bank's motion to disqualify.

September 2007, alleging one count to foreclose on the mortgage and a second count to enforce a lost note. A copy of the mortgage was attached to the complaint. The following year, the original note, endorsed in blank, was filed with the court.

At the beginning of the trial, the trial court asked the Bank to provide a copy of the acceleration notice and questioned the Bank's counsel on how she planned to admit the document into evidence. The counsel stated that she planned on calling an employee from the current servicer, Ocwen, who could testify as to Ocwen's "boarding process and how she is able to confirm this letter is authentic within Ocwen's records," as well as how demand letters are generated and the industry standards employed by servicers. The trial court informed the Bank that it was "unlikely" the document would be admitted under the business records exception and gave counsel "a couple of minutes to think about what you want to do, or if you want to take 'a voluntary,' or if you want to go through the motions so you have a complete record, I would be happy to do that."

The Bank chose to go ahead with its case and called the Homeowner's former wife, who testified that she and her husband had not paid their mortgage since 2007 and identified the original note. The Bank also called an employee of the servicer, Ocwen, who described how the servicer maintained its business records and how all payments were received and entered into the company's records. The employee further testified that all loan events were entered into the records by persons familiar with the transaction and that all loans that originated with other servicers went through a series of "test regions . . . to verify the accuracy of the information from the prior servicer."

On the basis of this testimony, the Bank moved to admit the loan payment history under the business records exception to the hearsay rule. However, the trial court denied admission of any records that originated with a prior servicer. The trial court also denied admission of the default letter and the original note before granting the Homeowner's motion for involuntary dismissal.

## Analysis

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." § 90.801, Fla. Stat. (2013). There are a number of exceptions to the hearsay rule, including the "business records exception" found in section 90.803(6), Florida Statutes (2013). A party seeking to introduce evidence under the business records exception must show that

(1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity, and (4) that it was a regular practice of that business to make such a record. *Yisrael v. State*, 993 So. 2d 952, 956 (Fla. 2008).

"The law is . . . clear there is no per se rule precluding the admission of computerized business records acquired from a prior loan servicer." *Glarum v. LaSalle Bank Nat'l Ass'n*, 83 So. 3d 780, 782 n.2 (Fla. 4th DCA 2011). However, both *Glarum* and *Yang v. Sebastian Lakes Condominium Ass'n*, 123 So. 3d 617 (Fla. 4th DCA 2013), indicate that record custodians must have some knowledge of the prior record-keeper's business protocols.

Where a witness presents evidence that she has some knowledge of the prior servicer's record-keeping practices, the records may be admissible under the business records exception. "[A] loan servicer . . . can lawfully rely on the records and loan transaction history of a prior loan servicer." *In re Sagamore Partners, Ltd.*, 2012 WL 3564014 at *4 (Bankr. S.D. Fla. Aug. 17, 2012) (citing *WAMCO XXVIII, Ltd. v. Integrated Elec. Env'ts, Inc.*, 903 So. 2d 230 (Fla. 2d DCA 2005)). The *WAMCO* court held that a document detailing amounts owed was admissible as a business record even where the witness's testimony was based on information from a previous holder of the note. *WAMCO*, 903 So. 2d at 232-33. The witness in that case testified that he knew how the prior holder's accounting systems worked and that "the procedures were 'bank-acceptable accounting systems.'" *Id.* at 233. Further, the witness testified that the current holder verified the records for accuracy when it obtained them. *Id.*

We relied on *WAMCO* in *Holt v. Calchas, LLC*, 155 So. 3d 499 (Fla. 4th DCA 2015), when we held that records can be admitted under the business records exception where "[a] subsequent note holder can also provide testimony consistent with that which was approved by the Second District in *WAMCO*, where the current note holder had procedures in place to check the accuracy of the information it received from the previous note holder." *Id.* at 506.

In the instant case, the Bank's witness admitted that she did not work for the prior servicers, but provided testimony establishing that the records of these prior institutions complied with the business records exception requirements and were checked for accuracy when the loans were acquired by Ocwen. The witness testified in some detail as to the record-keeping processes and procedures at Ocwen, the standards within the industry, and her "daily" interaction with and review of loan files from

the servicers who serviced the loan prior to the acquisition by Ocwen. Moreover, the Bank's witness testified that she had the opportunity to personally review and reconcile the loan payment history at issue in the instant case. *Cf. Hunter v. Aurora Servs., LLC,* 137 So. 2d 570, 573 (Fla. 1st DCA 2014) (reversing trial court's decision to admit business records created by prior servicer, where witness lacked particular knowledge of prior servicers' record-keeping procedures).

Based on the language of *Holt* and the reasoning of *WAMCO*, we hold that the trial court abused its discretion by refusing to admit the loan payment history. The trial court also erred in refusing to permit the Bank to amend its pleadings to drop the lost note count and to introduce the original note. Although the Bank was remiss in not amending the complaint at the time that it discovered the original note, it had filed this note with the court several years prior to the hearing and there is no indication that the Homeowner's counsel was unaware that the note was in the court file. The loan payment history, original note, and default letter all were admissible evidence and should have been admitted at trial.

## Conclusion

We reverse the involuntary dismissal of the complaint and remand this case for further proceedings consistent with this opinion.

*Reversed and Remanded.*

CIKLIN, C.J., and MAY, J., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***