# Third District Court of Appeal

## State of Florida

Opinion filed November 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1466
Lower Tribunal No. 11-25240

_____

**Deutsche Bank National Trust Company, etc.,**
Appellant,

vs.

**Maria de Brito,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Judith L. Kreeger, Senior Judge.

Blank Rome, LLP, and Anthony R. Yanez and Nicole R. Topper (Ft. Lauderdale), for appellant.

Jacobs Keeley, PLLC, and Bruce Jacobs, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SALTER, JJ.

SUAREZ, J.

Deutsche Bank National Trust Company ("Bank") appeals from a final order granting homeowner Maria de Brito's ("Appellee") motion for involuntary dismissal of the Bank's complaint in foreclosure. We reverse.

In 2006, Appellee's husband, Alfredo Brito, entered into an adjustable rate mortgage with a negative amortization provision. The Note provides that the Lender had the right to change the interest rate and that any deficiency would be added to the principal. Together with the Note, Mr. Brito and Appellee executed the mortgage. The payment history reflects that the amount of the monthly payments remained the same for two and a half years. In August 2008, Mr. Brito sent in his usual monthly payment, but Ocwen, the current servicer, rejected the payment and returned the check to Mr. Brito. In June 2010, the loan servicer sent a demand letter to Mr. Brito, advising him of the default and necessary steps to cure the default. With no response, in August 2011, the Bank filed its complaint in foreclosure. The Appellee filed an answer and raised a long list of affirmative defenses, including failure to fulfil conditions precedent, faulty practices of the mortgage industry in general, unclean hands, and conspiracy to inflate premiums, among others. None of the Appellee's affirmative defenses alleged that the Bank failed to provide evidence of a change in interest rate or payment amount, or that any alleged failure to provide this notice improperly caused Appellee to default.

Prior to the two-day bench trial,[1] Appellee's counsel deposed Ocwen's witness, Mr. Blanchard, for over three hours. At trial, Mr. Blanchard testified in detail as to the servicer's boarding process, verifications, the payment history, the notice of default and acceleration. The Note and the demand letter were admitted

_____

[1] Trial took place on April 11, 2016, and on May 12, 2016.

2

into evidence by the trial court and the payment history was admitted into evidence by stipulation. At the end of trial, the Bank moved for final judgment, and the Appellee moved for an involuntary dismissal. On May 31, 2016, approximately three weeks after conclusion of the trial, the trial court entered a written Final Judgment granting the Appellee's motion for involuntary dismissal, concluding – in total contradiction to its admission of Ocwen's witness's testimony and documents into evidence at trial – that the testimony was hearsay, and that the Bank had thus failed to prove the Appellee received a notice of payment or interest change that could trigger a default (while noting that such was not required). Without more, the trial court's Final Judgment granting involuntary dismissal relied upon and adopted a trial court's ruling from a separate and unrelated case before a different judge with different witnesses, evidence, and issues to determine that the Bank's witness in this case did not provide an adequate foundation sufficient to meet the business records exception under the hearsay rule. We reverse.

Our standard of review of an order granting an involuntary dismissal is de novo, viewing all of the evidence presented and all available inferences from that evidence in the light most favorable to the non-moving party. Maggolc, Inc. v. Roberson, 116 So. 3d 556, 558 (Fla. 3d DCA 2013). When considered in the light most favorable to the Bank, the record on appeal establishes sufficient evidence to sustain the Bank's complaint in foreclosure.

3

The business records exception, section 90.803(6), Florida Statutes (2016), allows a party to introduce evidence that would normally be inadmissible hearsay if:

> (1) the record was made at or near the time of the event; (2) was made by or from information transmitted by a person with knowledge; (3) was kept in the ordinary course of a regularly conducted business activity; and (4) that it was a regular practice of that business to make such a record.

Yisrael v. State, 993 So. 2d 952, 956 (Fla. 2008). The foundation for admission of a business record may be established by a records custodian or other qualified witness, and that witness authenticating the records need not be the person who actually prepared the business records. See Deutsche Bank Trust Co. Ams. v. Frias, 178 So. 3d 505 (Fla. 4th DCA 2015); Nationstar Mortg., LLC v. Berdecia, 169 So. 3d 209 (Fla. 5th DCA 2015); Cayea v. CitiMortgage, Inc., 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014). The witness just needs to be well enough acquainted with the activity to testify that the successor business relies on those records, and that the circumstances indicate the records are trustworthy. Bank of New York v. Calloway, 157 So. 3d 1064 (Fla. 4th DCA 2015); Berdecia, 169 So. 3d at 216 ("Although [the witness] did not personally participate in the 'boarding' process . . . [the witness] demonstrated a sufficient familiarity with the 'boarding' process to testify about it."); Cayea 138 So. 3d at 1217. It is not necessary to present a witness who was employed by the prior servicer or who participated in the boarding process. Ocwen Loan Servicing, LLC v. Gundersen, 204 So. 3d 530

(Fla. 4th DCA 2016). "Where a business takes custody of another business's records and integrates them within its own records, the acquired records are treated as having been 'made' by the successor business, such that both records constitute the successor business's singular 'business record.'" Calloway, 157 So. 3d 1064, 1071 (Fla. 4th DCA 2015); see also Bank of New York Mellon v. Johnson, 185 So. 3d 594 (Fla 5th DCA 2016); Wells Fargo Bank, N.A. v. Eisenberg, 220 So. 3d 517 (Fla. 4th DCA 2017).

Here, Ocwen's witness authenticating the records, Mr. Blanchard, provided enough testimony to meet these requirements. Mr. Blanchard's testimony concerning the loan payment history and third party default letter was not inadmissible hearsay and should have been admitted as an exception to the hearsay rule. Mr. Blanchard's testimony showed he was sufficiently acquainted with the history of the records in this case to testify to the practice and procedure for generating the default notice and demand letter, the servicing platform, Ocwen's boarding process, and the requirements for admitting mortgage documents. Mr. Blanchard testified that American Home Mortgage was absorbed into Ocwen in 2012, and that all of the prior servicers' documents were verified for accuracy before incorporation into Ocwen's records. Three weeks after the trial ended and after the trial court had admitted the documents and testimony into evidence the trial court decided that Mr. Blanchard was not familiar enough with the practices and procedures of Moss Codilis, one of the prior third party vendors, and excluded

5

the demand letter for that reason. Although Mr. Blanchard was not familiar with the prior third party vendor's recordkeeping practices and policies, he did not have to be because the business records exception does not contain such a requirement. See Cayea 138 So. 3d at 1217. Mr. Blanchard had only to demonstrate that he was well enough acquainted with preparation of the demand letter in order to authenticate it. Calloway, 157 So. 3d 1064. Mr. Blanchard's testimony provided sufficient explanation of the boarding process, and properly laid the foundation for the admissibility of the loan payment history and the demand letter. The trial court erred by excluding the default notice from evidence after the business records exception was properly met, based upon a non-binding ruling by another trial judge in an unrelated case.

Additionally, the payoff printout should also have been admitted as a business records exception to the hearsay rule and the trial court erred by excluding it. The Bank alleged and proved via the payoff printout that the June 2008 payment and all subsequent payments were not made, and the trial court's ruling that the Bank failed to prove a default is erroneous and must be reversed. Printouts of data prepared for trial may be admitted under the business records exception even if the printouts themselves are not kept in the ordinary course of business so long as a qualified witness testifies as to the manner of preparation, reliability, and trustworthiness. Cayea, 138 So. 3d at 1217. See e.g., Lindsey v. Cadence Bank, N.A., 135 So. 3d 1164, 1168 (Fla. 1st DCA 2014) ("[t]he law does

6

not require an affiant who relies on computerized bank records to be the records custodian who entered or created the data, nor must the affiant identify who entered the data into the computer." (quoting Glarum v. LaSalle Bank Nat'l Ass'n, 83 So. 3d 780, 782 n.2 (Fla. 4th DCA 2011))).

As a last matter, we conclude the Appellee waived any defense of its claim that the Bank was required to provide notice of interest rate and payment change to the Appellee; the trial court erred in imposing this burden of proof at trial. The trial court acknowledged that the Note does not contain any requirement to notify the borrower of any change in interest rate or payment amount. Furthermore, the Appellee never raised the issue in its affirmative defenses. The Appellee only raised the usual paragraph 22 defense, which was refuted by the demand letter (initially received into evidence, then improperly excluded). Thus, the Bank was never put on notice that notice of a rate change or payment amount would be an issue at trial. The trial court was not authorized to deny foreclosure merely because it believed the borrower signed a "bad bargain."

We thus reverse the entry of involuntary dismissal and remand for entry of final judgment of foreclosure.