PER CURIAM.
Affirmed. See Deutsche Bank Nat'l Tr. Co. v. de Brito, 235 So. 3d 972, 975 (Fla. 3d DCA 2017) ("The foundation for admission of a business record may be established by a records custodian or other qualified witness, and that witness authenticating the records need not be the person who actually prepared the business records. The witness just needs to be well enough acquainted with the activity to testify that the successor business relies on those records, and that the circumstances indicate the records are trustworthy.") (internal citations omitted) (citing Bank of N.Y. v. Calloway, 157 So. 3d 1064 (Fla. 4th DCA 2015) ; Nationstar Mortg., LLC v. Berdecia, 169 So. 3d 209, 216 (Fla. 5th DCA 2015) ; Cayea v. CitiMortgage, Inc., 138 So. 3d 1214, 1217 (Fla. 4th DCA 2014) ); Progressive Express Ins. Co. v. Camillo, 80 So. 3d 394, 402 (Fla. 4th DCA 2012) ("Proof of mailing of a document to the correct address creates a presumption that the item mailed was, in fact, received.") (citation omitted); Berwick v. Prudential Prop. & Cas. Ins. Co., 436 So. 2d 239, 240 (Fla. 3d DCA 1983) ("It is presumed that mail properly addressed, stamped and mailed was received by the addressee.") (citing Brown v. Giffen Indus., Inc., 281 So. 2d 897 (Fla. 1973) ; Milros-Sans Souci, Inc. v. Dade Cty., 296 So. 2d 545 (Fla. 3d DCA 1974) ); see also Allstate Ins. Co. v. Eckert, 472 So. 2d 807, 809 (Fla 4th DCA 1985) (holding that where "no credible evidence *782 sufficient to sustain a finding of the nonexistence of the presumed fact was introduced, the trier of fact was required to assume the existence thereof") (citing § 90.302, Fla. Stat.).